# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VEROBLUE FARMS USA, INC., ET AL., | ) Case No. 18-01297 |
| | ) |
| Debtors. | ) Debtors' Motion to Close Case for |
| | ) Trustee Fee Purposes |
| | ) |
| | ) |
| | ) |

The Debtors, through undersigned Counsel, for their motion as above captioned, respectfully state:

1. On or about May 7, 2019, this Court entered its order confirming the Amended Joint Chapter 11 Plan of Reorganization (the "Plan") in this case.

2. Although that order of confirmation has been appealed, no stay of the order has been entered nor has any stay been sought by appellant.

3. Debtors have fully performed all requirements of the plan and now seek an order closing the case so that no additional fees will be owed to the U.S. Trustee.

4. Federal Rule of Bankruptcy Procedure 3022 directs the Court to enter a final decree once the estate has been fully administered—either upon its own motion, or upon the motion of a party in interest. *In re Swiss Chalet, Inc.,* 485 B.R. 47, 51 (Bankr. D.P.R. 2012).

5. The Fifth Circuit has held that a final decree may be entered even when there is an adversary action pending. *In re Clayton*, 101 F.3d 697 (5th Cir. 1996) (citation omitted) ("Given the ministerial nature of the entry of a final decree and the fact that such an entry does not deprive the bankruptcy court of jurisdiction to enforce

or interpret its own order or even to reopen the case pursuant to 11 U.S.C. § 350, we reject debtor's contention that the bankruptcy court, as a prerequisite to issuing a final decree, must find that all of the adversary actions that may fund the plan have been resolved."). Contrarily, the United States Bankruptcy Court for the Eastern District of New York has held "an estate can not [sic] be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court." *See In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 546 (Bankr. E.D.N.Y. 1999). However, the Eighth Circuit held the issue requires "a case-by-case analysis" which is "best left to the discretion of the bankruptcy judge." *See In re Shotkoski,* 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009). This is consistent with the Tenth Circuit's holding that the factors relevant to whether the case has been fully administered are not "exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered." *In re Union Home & Industrial, Inc.,* 375 B.R. 912, 917 (10th Cir. BAP 2007).

6.     The only matters still pending are two appeals and two adversary proceedings. An order closing the case will not affect the rights of any party with regard to the pending matters.

7.     WHEREFORE, the Debtors respectfully request that the Court enter an order closing the case, and for such additional or alternative relief as the Court deems appropriate.

Respectfully Submitted,

ELDERKIN & PIRNIE, P.L.C.

        /s/ Dan Childers
        Dan Childers     LI0007535
        316 Second Street SE, Suite 124
        P.O. Box 1968
        Cedar Rapids, IA  52406-1968
        Phone:  (319) 362-2137
        dchilders@elderkinpirnie.com
        Attorneys for the Debtor-In-Possession

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion has been filed electronically in the above captioned case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and copies were served on the parties who receive notice via the Court's ECF notification system.

Date: November 13, 2019

        /s/ Laura Moon