IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., *et al.*,<br><br>DEBTORS. | Chapter 11<br><br>Case No. 18-01297<br><br>**STIPULATION FOR PROTECTIVE ORDER PERTAINING TO INFORMATION TRANSMITTED FROM DEBTORS TO CREDITOR TRUSTEE, MARK T. IAMMARTINO** |

WHEREAS, on or about May 7, 2019, this Court entered its order confirming the Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), and according to the Plan, VeroBlue Farms ("VBF") USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc., and Iowa's First, Inc. (hereinafter "Debtors") are obliged to transmit information to the Creditor Trustee, Mark T. Iammartino (hereinafter "Creditor Trustee").

WHEREAS, the required disclosures are likely to involve production of private information for which special protection from public disclosure and from use for any purpose other than a purpose specified in the Plan.

WHEREAS, the parties join in asking that the Court approve this Stipulation for Protective Order Pertaining to Information Transmitted from Debtors to Creditor Trustee, Mark T. Iammartino (hereafter "Stipulation") and incorporate it into a Stipulated Protective Order Pertaining to Information Transmitted from Debtors to Creditor Trustee, Mark T. Iammartino ("Protective Order").

NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS, AGREEMENTS, STIPULATIONS AND CONDITIONS HEREIN CONTAINED, IT IS AGREED AS FOLLOWS:

1

1. **RECORD OF AGREEMENT.** It is intended that this Stipulation is to be incorporated into a Protective Order by the court as part of the court findings, and to have full force and effect as if set forth in the Protective Order in its entirety.

2. **INTENT TO BE BOUND**. The parties hereto stipulate and agree that it is their intent to be bound by the terms of this Stipulation. The parties further agree that in the event there is a delay between the signing of this Stipulation and the entry of an order approving this Stipulation, it is their intent to be bound by the Stipulation and that any delay shall not be a reason for revocation or alteration of any of the terms set forth herein.

3. **PROTECTED MATERIAL.** For purpose of this Stipulation, "Protected Material" shall be considered to be any and all information requested by the Creditor Trustee. For the avoidance of doubt, customary trade documents exchanged between the Debtors and their creditors, including purchase orders, invoices, evidences of payment and proof of delivery shall not be deemed "Protected Material" unless expressly designated as such by the Debtors.

4. **DURATION.** Even after Court enters a discharge and final decree in the above-mentioned case, the confidentiality obligations imposed by this Stipulation shall remain in effect.

5. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

    3.1    Basic Principles. The Creditor Trustee may use Protected Material disclosed or produced by Debtors in connection with the above-mentioned case only for satisfaction of the purposes of the Creditor Trust as described in the Plan. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation.

    Protected Material must be stored and maintained by the Creditor Trustee at a secure location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

3.2     Disclosure of "Protected Material." Unless otherwise ordered by the court, the Creditor Trustee may disclose any information or item designated "Protected Material" only to:

(a)  The Creditor Trustee's counsel of record in the above-captioned bankruptcy case or his or her successors or assigns, as well as employees and associates within the office of said counsel of record to whom it is reasonably necessary to disclose the information for this case.

(b)  Designated experts, and experts retained in anticipation of litigation or trial by the Creditor Trustee.

(c)  The court and its personnel.

(d)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation.

3.3     Any person in category 3.2(c) to whom "Protected Material" is disclosed must first sign the attached "Acknowledgement and Agreement to be Bound" set forth in attached Exhibit A.

3.4     The Creditor Trustee may disclose "Protected Material" to defendants in litigation commenced by the Creditor Trustee upon either: (i) the consent of the Debtors; or (ii) entry of a protective order with the subject defendant restricting that defendant's disclosure of such information.

6.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a party to this Stipulation is served a subpoena or a court order in other litigation that compels disclosure of any information or items designated in this action as "Protected Material," that Party must:

(a) Promptly notify in writing Debtors, or their attorneys. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and subject to the Protective Order upon its requested approval by the Court. Such notification shall include a copy of this Stipulation, and shall include a copy of the Protective Order upon its requested approval by the Court; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by Debtors, whose Protected Material may be affected.

If Debtors timely seek a protective order in the court from which a subpoena issued, the Party served with the subpoena or court order shall not produce any information designated in this Stipulation as "Protected Material" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Debtors' permission. The Debtors shall bear the burden and expense of seeking protection in that court of their Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a party or person served with a subpoena in this action to disobey a lawful directive from another court.

7.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If the Creditor Trustee learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Creditor Trustee must immediately (a) notify in writing the Debtors or their attorneys of the unauthorized disclosures; (b) use the Creditor Trustee's best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and the terms of the Protective Order,

4

upon its approval; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

8. **FILING PROTECTED MATERIAL.** Without prior written permission from Debtors or their attorneys, a party may electronically file such Protected Material as an exhibit or as part of any attachment with the Court provided the party requests that the Court set nonpublic security settings for the document and in such request make reference to this Stipulation and make reference to the Protective Order upon its approval.

9. **CONSTRUCTION OF STIPULATION.** It is agreed that if any provision of this Stipulation shall be determined to be void by any court of competent jurisdiction, then such determination shall not affect any other provisions of this Stipulation, and all such other provisions shall remain in full force and effect and it is the intention of the parties hereto that if any provision of this Stipulation is capable of two constructions, one of which would render the provision void and the other of which would render the provision valid, then the provision shall have the meaning which renders it valid.

It is agreed that both parties have participated in the preparation of this Stipulation. It is further agreed that if any provision of this Stipulation shall be found by any court of competent jurisdiction to be unclear or ambiguous, that the rule of contract construction that any such provision be construed against the party who prepared the instrument shall not apply.

10. **JURISDICTION.** The parties hereby agree that this court shall retain jurisdiction for the purpose of enforcing and interpreting the terms of this Stipulation and requested Protective Order, and for all matters arising therefrom unless specifically agreed to in writing by both parties to the contrary.

11. **MODIFICATION.** Nothing in this Stipulation or the Protective Order abridges the right

of any party to this Stipulation to seek its modification by the court in the future. This Stipulation, or the Protective Order, may be modified for good cause shown upon advance notice to each party to this Stipulation, or upon advance notice to such party's attorney.

IT IS SO STIPULATED, THROUGH COUNSEL.

DATED: 1/13/20

Dan Childers
Attorney for Debtors

DATED: 1/13/2020

Thomas R. Fawkes
Attorney for Mark Iammartino, VBR Creditor Trustee

DATED: _____

Attorney for

DATED: _____

Attorney for

DATED: _____

Attorney for

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury I have read in its entirety and understand the Stipulated Protective Order Pertaining to Information Transmitted from Debtors to Creditor Trustee, Mark T. Iammartino (hereinafter "Protective Order"), and Stipulation for Protective Order Pertaining to Information Transmitted from Debtors to Creditor Trustee, Mark T. Iammartino issued by the United States Bankruptcy Court for the Northern District of Iowa for on _____ [date] in the case *In re: VeroBlue Farms USA, Inc.* et al., Case No. 18-01297. I agree to comply with and be bound by all the terms of the Protective Order and I understand and acknowledge that an intentional failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise I will not intentionally disclose in any manner any information or item subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of Iowa for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of the above-stated case.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

1

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2020 a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

Signed: /s/ Melissa Peyton