IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., *et al.*,<br><br>DEBTORS. | Chapter 11<br>Case No. 18-01297<br><br>**DEBTORS' ADVERSARY COMPLAINT AGAINST CANACCORD** |
| VEROBLUE FARMS USA, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>CANACCORD GENUITY LLC<br><br>Defendants. | Adversary No. _____ |

The Debtors, VeroBlue Farms USA, Inc, *et al.*, ("Debtors"), comprised of VeroBlue Farms USA, Inc. ("VBF"), VBF Operations, Inc. ("VBF Ops"), VBF Transport, Inc. ("VBF Transport"), VBF IP, Inc. ("VBP IP") and Iowa's First, Inc. ("Iowa's First"), by and through their counsel, and for their Adversary Complaint against Canaccord Genuity LLC ("Canaccord") respectfully state:

## I.     PARTIES

1.     VBF is a Nevada corporation with its principal place of business in Webster City, Iowa. VBF Ops is a Texas corporation with its principal place of business in Webster City, Iowa. VBF Transport is a Delaware corporation with its

principal place of business in Webster City, Iowa. VBF IP is a Texas corporation with its principal place of business in Webster City, Iowa. Iowa's First is an Iowa corporation with its principal place of business in Webster City, Iowa.

2. Canaccord is a Delaware limited liability company.

## II. JURISDICTION AND VENUE

3. This action is an adversary proceeding filed in accordance with Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§ 151, 157(b)(2)(H), 1334 and 11 U.S.C. §§ 105, 544, 548, 1142. More particularly, this adversary proceeding is a core proceeding under 28 U.S.C. §§151 and 157(b)(2)(H).

5. This Court also has personal jurisdiction over this matter because Canaccord is a Delaware LLC, and bankruptcy courts have the power to exert personal jurisdiction nationwide. *In re Fed. Fountain, Inc.*, 165 F.3d 600, 601 (8th Cir. 1999); *see* Fed. R. Bankr. P. 7004(d).

6. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

## III. FACTUAL BACKGROUND

7. Debtors, comprising a sustainable fish farm business, were founded by five individuals ("Founders") who misappropriated and squandered many millions of dollars in debt and equity financing in less than two years.

8. Founders retained Canaccord, an investment banking firm, to raise funds for VeroBlue Farms, Inc. ("VBF Canada"), not a party to this lawsuit, but an entity that has had common owners and officers as Debtors and was all part of the same venture. At some point, the venture transitioned operations of the fish farm business to VBF and its subsidiaries.

9. Following Canaccord's original engagement, the relationship between Canaccord and Debtors deteriorated, giving rise to a dispute. Canaccord alleged that VBF Canada and Debtors owed Canaccord fees of approximately $2 million to $4.3 million. On the other hand, Debtors' potential claims against Canaccord totaled approximately $90 million or more.

10. On or about September 26, 2016, within the two years preceding the Chapter 11 filing on September 21, 2018, VBF Canada and Canaccord executed a settlement agreement and mutual release ("Agreement").

11. According to the Agreement Debtors paid Canaccord $475,000 (the "Payment") on or about September 26, 2016, falling within the two years preceding the Chapter 11 filing on September 21, 2018.

12. Additionally, Canaccord asserts that Debtors released all claims against Canaccord under the Agreement. Debtors, for the record, dispute Canaccord's position that Debtors released their claims against Canaccord, but Debtors here plead in the alternative. In exchange, Canaccord purportedly released claims totaling, at most, $4.3 million (the "Release"). Therefore, Debtors possessed a claim against

Canaccord of much higher value than what they received in exchange for the release of their claim.

### IV.  COUNT I - 11 U.S.C. §548 FRAUDULENT CONVEYANCE

13. The Debtors adopt and reincorporate paragraphs 1 through 12 as paragraph 13 of Count I as if more fully alleged herein.

14. The Debtors received less than a reasonably equivalent value in exchange for the Payment and Release given to Canaccord under the Agreement. Determination of reasonably equivalent value can include the elimination, or release of claims or litigation. *In re Jordan*, 392 B.R. 428, 442 (Bankr. D. Idaho 2008); *In re Webb Mtn, LLC*, 420 B.R. 418, 433 (Bankr. E.D. Tenn. 2009), *aff'd*, No. 3:09-CV-559, 2010 WL 1544092 (E.D. Tenn. Apr. 19, 2010). Debtors received little-to-no value for the $475,000 paid according to the Agreement. Additionally, Canaccord's release of a two to four million dollar claim was certainly not reasonably equivalent value for the release of Debtor's claim against Canaccord worth approximately ninety million dollars.

15. The Debtors were insolvent or became insolvent as a result of the Payment and the Release to Canaccord. In the above-stated bankruptcy case, the total liquidation value of Debtors' assets was $3 three million (Dkt 365 Ex. D), an insubstantial amount compared with the total amount of debts which were in excess of $55 million. There were no significant events in the history of the Debtors' operation that indicate a substantial reduction in the value of the assets after the

time of the transfer to Defendant. Therefore, at all relevant times, Debtors were clearly insolvent.

16. Canaccord did not give Debtors value for the Agreement and Release, to the extent that the Release is deemed valid. Canaccord did not act in good faith.

17. The Debtors were damaged.

18. Therefore, the above-described transfer is voidable by the Debtors under 11 U.S.C. §548.

WHEREFORE, Debtors respectfully request that this Court order Canaccord to account for any and all payments, whether money, property, or stock, Canaccord received from Debtors on or within the two years prior to the time of filing, September 21, 2018; order Canaccord to pay to the Debtors the total of said accounting; order Canaccord to void the Release and any additional obligations incurred on or within the two years prior to the above-stated time of filing; order Canaccord to pay the costs of this action; and grant the Debtors such other and further relief as the court might deem to be just and proper.

**COUNT II - IOWA CODE CHAPTER 684 FRAUDULENT CONVEYANCE**

19. The Debtors adopt and reincorporate paragraphs 1 through 18 as paragraph 19 of Count II as if more fully alleged herein.

20. Pursuant to 11 U.S.C. §544(a), a debtor in possession may avoid transfers or obligations which are voidable by creditors under state law. *See In re Walter*, 462 B.R. 698 (2011); *In re Dergance*, 218 B.R. 432, 436 (Bankr. N.D. Ill. 1998)

5

("[A]s the purpose of § 544(b) is to allow the trustee to bring a state law cause of action in the context of a bankruptcy adversary proceeding").

21. The Debtors received less than a reasonably equivalent value in exchange for the Payment and Release given to Canaccord, to the extent the Release is valid.

22. According to Iowa Code §684.9, transfers made or obligations incurred not greater than four years prior to this claim for relief may be avoided under §684.4(1)(a)-(b) or 684.5(1).

WHEREFORE, Debtors respectfully request that this Court order Canaccord to account for any and all payments, whether money, property, or stock, Canaccord received from Debtors on or within the four years prior to the time of filing, September 21, 2018; order Canaccord to pay to the Debtors the total of said accounting; order Canaccord to void the Release and any additional obligations incurred on or within the four years prior to the above-stated time of filing; order Canaccord to pay the costs of this action; and grant the Debtors such other and further relief as the court might deem to be just and proper.

**Dated: February 4, 2020**   Respectfully submitted,

| | |
|---|---|
| THOMPSON COBURN LLP | ELDERKIN & PIRNIE, P.L.C. |
| By: /s/ Robert H. Lang | /s/ Dan Childers |
| Robert H. Lang | Dan Childers         LI0007535 |
| Thompson Coburn LLP | 316 Second Street SE, Suite 124 |
| 55 East Monroe, 37th Floor | P.O. Box 1968 |
| Chicago, IL 60603 | Cedar Rapids, IA 52406-1968 |
| 312-346-7500 (main) | Phone: (319) 362-2137 |
| rhlang@thompsoncoburn.com | dchilders@elderkinpirnie.com |
| | Attorneys for Debtors |